ORVILLE BARBER, plaintiff in error, *vs.* ELISHA S. TERRELL, defendant in error.

The discovery of evidence which is merely cumulative, and which would not even probably change the result, does not make such an extraordinary case as would warrant the sustaining of a motion for a new trial made after the adjournment of the court at which the judgment was rendered.

New trial. Evidence. Before Judge BARTLETT. Greene Superior Court. March Term, 1876.

Reported in the decision.

E. C. KINNEBREW, for plaintiff in error.

JAMES L. BROWN; P. B. ROBINSON; W. H. BRANCH; M. W. LEWIS, for defendant.

WARNER, Chief Justice.

This was a motion for a new trial under the provisions of the 3921st section of the Code, as being an "extraordinary case." It appears from the record and bill of exceptions, that the claim case between the parties was tried in the superior court of Greene county, and that the property levied on was found subject to the plaintiff's execution. The case was brought to this court by writ of error, and at the January term thereof, 1875, the judgment of the court below was affirmed: See *Barber vs. Terrell*, 54 *Georgia Reports*, 146. At the March term of the court, 1876, the claimant made a motion for a new trial on the ground that since the former trial of the case, and since the affirmance of the judgment

therein by this court, that certain notes have been found which were referred to on the former trial, given by the defendant in *fi. fa.* to the claimant, on which there was a credit of $2,-500 00, which, it is alleged, was the consideration for the house and lot in dispute. It appears from the record of the evidence on the former trial, that the claimant was allowed to offer, and did offer, testimony in relation to the notes now alleged to have been found since the trial, as well as to the $2,500 00 credit thereon, as the consideration for the house and lot in controversy, so that the newly discovered testimony would be merely cumulative of that which was introduced on the former trial of the case. Besides, if the notes now found with the credit thereon, had been introduced on the former trial, instead of proving the contents thereof, it is not even probable that it would have produced a different result in view of the other evidence in the record.

Let the judgment of the court below be affirmed.